# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KEITH JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. |
| ) | 05-2034-KHV |
| **UNITED PARCEL SERVICE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Keith Jones brings this employment discrimination action against United Parcel Service, Inc., alleging discrimination and failure to accommodate disabled employees. Plaintiff, who alleges that he is permanently disabled, seeks relief under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. The case is before the Court on <u>Defendant's Motion to Dismiss Plaintiff's Claim under the Rehabilitation Act</u>, (Doc. #6), filed April 6, 2005. Because the Rehabilitation Act does not grant a private right of action for plaintiff, the Court sustains defendant's motion to dismiss count II of plaintiff's complaint.[1]

---

[1] Plaintiff filed an amended complaint on June 28, 2005 (Doc. #22). The amendments have no bearing on defendant's motion to dismiss. In the interest of efficiency, the Court construes defendant's motion as applying to plaintiff's amended complaint. Defendant need not renew its motion to dismiss plaintiff's Rehabilitation Act claim.

1

## **Legal Standards Governing Motion to Dismiss**

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. Zinermon v. Burch, 494 U.S. 113, 118 (1990). The Court must make all reasonable inferences in favor of plaintiff, and liberally construe the pleadings. See Fed. R. Civ. P. 8(a); Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993). The issue in reviewing the sufficiency of the complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims.

The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his theories of recovery that would entitle him to relief. See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir. 1991). Although plaintiff need not precisely state each element of his claims, plaintiff must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **Private Right of Action**

Defendant asks the Court to dismiss plaintiff's claim under the Rehabilitation Act because the Act provides no private right of action for plaintiff's grievances. Plaintiff alleges that defendant must comply with the Rehabilitation Act because it is a federal contractor doing business with the United States government.

Section 503 of the Rehabilitation Act requires that certain contracts between the United States government and private contractors include a provision "requiring that the party contracting with the United States shall take affirmative action to employ and advance in employment qualified individuals with disabilities." 29 U.S.C. § 793(a). The statute further provides that any disabled individual who believes himself to be the victim of discrimination in violation of the statute may file a complaint with the Department of Labor. Id.

Absent from the statute is any mention of a private right of action.

Courts may infer a private right of action from statutory language which does not expressly grant such a right, and the Supreme Court has provided specific criteria for doing so. See Cort v. Ash, 422 U.S. 66, 78 (1975). This is not a case, however, where an implied private right of action is appropriate. Plaintiff cites Davis v. Modine Manufacturing Co., 525 F. Supp 943 (D. Kan. 1981), a case in which the Honorable Frank Theis did, in fact, use the Cort criteria to infer a private right of action under Section 503 of the Rehabilitation Act. After that decision, however, the Tenth Circuit ruled that Section 503 does not create a private right or remedy. See Hodges v. Atchison, Topeka, & Santa Fe Ry. Co., 728 F.2d 414, 416 (10th Cir. 1984). Most of the other district court opinions which plaintiff cites have also been overruled by the respective courts of appeals for the circuits in which they lie, so these opinions – notwithstanding Hodges – are not even persuasive precedent. Plaintiff fails to acknowledge other cases which have applied and followed Hodges. These include Anderson v. United Auto Workers, No. 89-2271-0, 1990 WL 58791 (D. Kan. Apr. 17, 1990), in which the Honorable Earl E. O'Connor observed that while the analysis in Davis was "persuasive," he was nonetheless "bound to follow the dictates of the Tenth Circuit Court of Appeals." 1990 WL 58791, at *4. This Court is likewise so bound.

Plaintiff urges the Court to reexamine Hodges in light of Jackson v. Birmingham Board of Education, __ U.S. __, 125 S. Ct. 1497 (2005). Jackson does not require such a reexamination. In Jackson, the Supreme Court examined what discriminatory actions triggered an employee's right to file suit under Title IX, a statute previously held to grant a private right to action. See __ U.S. at __, 125 S. Ct. at 1504; see also Cannon v. Univ. of Chicago, 441 U.S. 677, 690-93 (1979) (private right of action under Title IX). Plaintiff argued that the Title IX prohibitions on sex discrimination also applied to retaliation for complaints of sex

3

discrimination. Jackson, __ U.S. at __, 125 S. Ct. at 1503. Citing a Department of Education regulation which prohibits retaliation "against any individual for the purpose of interfering with any right or privilege secured by [Title IX]," defendant argued that plaintiff was using the regulation to seek an "impermissible extension of the statute." Id. at 1507 (citing 34 C.F.R. § 100.7(e) (2004)). The Court held that discriminatory actions included retaliatory actions even though Title IX makes no mention of retaliation in its text. Id. at 1504. Jackson is not applicable to this case.

Plaintiff argues that the Court should expand the scope of its statutory examination to the entirety of the Rehabilitation Act and its implementing regulations, rather than just Section 503, to determine whether a private right of action may be inferred from the Act. This argument is not compelling for several reasons. First, plaintiff's reliance on the implementing regulations is misplaced. The Court will not infer a private right of action from regulations if the Tenth Circuit has held that the statute itself does not imply a private right of action. Regulations may not exceed the scope of the statute. See Jackson, __ U.S. at __, 125 S. Ct. at 1506-07 (citing Alexander v. Sandoval, 532 U.S. 275 (2001)). To infer a private right of action to enforce the provisions of a regulation which was promulgated to implement Section 503 would exceed the scope of the statute as construed in Hodges.

Second, 29 U.S.C. § 793 is the only portion of the Rehabilitation Act which places a burden upon private sector employers solely based on their status as federal contractors. Although other portions of the Rehabilitation Act may provide for a private right of action, see, e.g., 29 U.S.C. § 794, those provisions do not apply to defendant.

Plaintiff makes several other arguments not addressed here. The Court has considered all of plaintiff's arguments, but none of them are persuasive given binding Tenth Circuit instruction on the issue.

4

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion to Dismiss Plaintiff's Claim under the Rehabilitation Act</u>, (Doc. #6), filed April 6, 2005 be and hereby is **SUSTAINED**.  Count II of plaintiff's complaint is dismissed with prejudice.

Dated this 12th day of July, 2005 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge