IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEITH JONES,                                    )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )        Case No. 05-2034-KHV
                                                )
UNITED PARCEL SERVICE, INC.,                    )
                                                )
                    Defendant.                  )

## ORDER

This case comes before the court on the plaintiff's motion to compel (**doc. 44**)

defendant to: (1) produce all records, documents, and materials, including those in electronic

format, responsive to plaintiff's first request for production of documents; (2) provide

complete responsive answers to certain of plaintiff's first interrogatories; and (3) immediately

issue a company-wide directive to all UPS employees to preserve all records, documents, and

materials, including those in electronic format, relevant to this litigation.

This court's local rules provide:

> The court **will not entertain** any motion to resolve a
> discovery dispute pursuant to Fed. R. Civ. P. 26 . . . , unless
> counsel for the moving party has conferred or has made
> reasonable effort to confer with opposing counsel concerning
> the matter in dispute prior to the filing of the motion. . . .
> **A "reasonable effort to confer" means more than
> mailing a letter to the opposing party.  It requires that the**

**parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.**[1]

This requirement encourages parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[2]  "Failure to confer or attempt to confer may result in unnecessary motions.  When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[3]

Plaintiff states that his counsel sent a letter to defendant's counsel which addressed the above-referenced matters but, as of the date of the filing of the instant motion, defendant had not responded.  There is no evidence, however, that plaintiff's counsel made any further attempts to confer with defendant's counsel prior to filing the instant motion.

---

[1] D. Kan. Rule 37.2 (emphasis added).

[2] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[3] *Pulsecard, Inc. v. Discover Card Servcs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996).

The cases in our district have consistently held that a single attempt to confer does not satisfy the requirement of this local rule.[4]  Accordingly, the court finds that plaintiff has not complied with the requirements of D. Kan Rule 37.2.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.    Plaintiff's motion to compel (**doc. 44**) is denied without prejudice to be reasserted if counsels' attempts to confer are unsuccessful.

2.    Copies of this order shall be served on all counsel of record.

Dated this 14th day of September, 2005, at Kansas City, Kansas.


____s/ James P. O'Hara_____
James P. O'Hara
U.S. Magistrate Judge

---

[4] *See, e.g.*, *Simmons Foods, Inc. v. Jeffrey L. Willis*, No. 97-4192, 2000 WL 204270 (D. Kan. Feb. 8, 2000); *Fireworks Spectacular, Inc. v. Premier Pyrotechnics, Inc.*, No. 99-2240, 1999 WL 1201706 (D. Kan. Dec. 8, 1999); *VNA Plus*, 1999 WL 386949, at *1; *Porter v. Brancato*, No. 96-2208, 1997 WL 150050, at *1 (D. Kan. Feb. 24, 1997); *Pulsecard*, 168 F.R.D. at 302; *Ballou v. University of Kan. Med. Ctr.*, 159 F.R.D. 558 (D. Kan. 1994).