IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEITH JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2034-KHV |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### ORDER

Keith Jones filed suit against his former employer, United Parcel Service, Inc. ("UPS"), alleging disability discrimination, failure to accommodate, pattern and practice discrimination and retaliation, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and retaliatory discharge in violation of Kansas common law. On February 2, 2006, the Court dismissed some claims, granted summary judgment in favor of defendant on plaintiff's remaining ADA claims and ordered plaintiff to show cause in writing why his state law claim for retaliatory discharge should not be dismissed. See Memorandum And Order And Order To Show Cause (Doc. #111). On February 6, 2005, plaintiff summarily responded that "the record in this case reflects that the Court has subject matter jurisdiction over the remaining state law claim pursuant to 28 U.S.C. § 1332." Plaintiff's Response to the Court's Order To Show Cause (Doc. #112). Plaintiff does not argue that the Court should exercise supplemental jurisdiction.

Plaintiff's complaint did not assert diversity jurisdiction. A party seeking to invoke a federal court's jurisdiction bears the burden of establishing that such jurisdiction exists. McNuttt v. Gen. Motors

Acceptance Corp., 298 U.S. 178, 189 (1936). A federal court's jurisdiction must clearly appear from the face of a complaint. Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972). To establish diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must allege that the parties are citizens of different states and that the plaintiff is entitled to recover more than $75,000. See 28 U.S.C. § 1332. Allegations of residence may not be equated with citizenship for the purposes of establishing diversity. Whitelock, 460 F.2d at 514.

Plaintiff's response does not reference any specific document in the record to support his factual allegations of diversity jurisdiction. See D. Kan. Rule 7.6(a)(2). In the pretrial order, plaintiff alleges damages for all claims which exceed $75,000 for back pay and front pay.[1] Plaintiff does not allege diversity of citizenship. In the amended complaint, plaintiff alleges that he resided in Wyandotte County, Kansas and that defendant is incorporated in Delaware with its headquarters in Georgia. As previously stated, plaintiff's allegation of residency does not establish citizenship. The Court finds that plaintiff has not shown good cause as to why it should not dismiss his state law claim for lack of jurisdiction.

The Court may exercise supplemental jurisdiction over a state law claim if it sufficiently relates to a pending claim over which the Court has original jurisdiction. See 28 U.S.C. § 1367(a). The Court need not exercise supplemental jurisdiction, however, and it may decline to do so if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). Here, the Court has dismissed all of plaintiff's federal claims. Plaintiff's remaining claim relies on a state law cause of action for retaliatory discharge. The Court declines to exercise supplemental jurisdiction over plaintiff's remaining claim.

**IT IS THEREFORE ORDERED** that plaintiff's remaining state law claim for retaliatory

---

[1] In the pretrial order, plaintiff does not clarify whether the amounts sought are for each claim, or for all claims in aggregate, or whether the damage claims overlap.

discharge is dismissed without prejudice.

        Dated this 22nd day of February, 2006 at Kansas City, Kansas.

                                      s/ Kathryn H. Vratil
                                      KATHRYN H. VRATIL
                                      United States District Judge